**UNIVERSAL C. I. T. CREDIT CORPORATION, Plaintiff-Appellee, v. STYBLO, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24123.   Decided May 29, 1957.

Rocker, Zaller & Kleinman, for plaintiff-appellee.
M. Morgenstern, B. B. Direnfeld, for defendant-appellant.

(HUNSICKER, PJ, DOYLE and STEVENS, JJ, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By STEVENS, J.

This action, in the Court of Common Pleas, sought an injunction against defendant to prevent his transfer of the title to his motor vehicle to any other person; and enjoining the defendant, Leonard F. Fuerst, from issuing a new title certificate for said automobile to any other person; the petition further prayed that the certificate of title now held by defendant, Robert Styblo, be cancelled, and a new certificate containing thereon the lien of plaintiff be issued in the name of the defendant, Robert Styblo, and that said certificate be delivered to the plaintiff to be held by it pending payment in full of said lien.

The foregoing relief was claimed by plaintiff because defendant had purchased a motor truck upon which a mortgage for the balance owing had come into the hands of plaintiff by assignment. The plaintiff's lien had been duly noted on defendant's certificate of title for said truck.

The petition continued:

"When there was still a balance due this plaintiff on said mortgage, in the amount of $458.35, through a clerical error and mistake, the plaintiff canceled said lien on the certificate of title and delivered said certificate of title to the defendant, Robert C. Styblo; that said cancellation was made in error and by mistake, and that there is still due the sum of $458.35 from the defendant, Robert C. Styblo, on the obligation secured by the mortgage hereinbefore described."

The answer of defendant, after admitting the purchase of the motor vehicle in question, and the execution of a chattel mortgage securing the unpaid balance of the purchase price thereof, denied generally the allegations of the petition. Upon trial, the relief sought by plaintiff was granted by the trial court. This appeal on questions of law challenges the propriety of that judgment.

Inasmuch as the claim for the relief sought was predicated upon mistake and clerical error, it was incumbent upon the plaintiff to prove that mistake and clerical error by clear and convincing evidence. 35 O. Jur. 202, Reformation of Instruments, Par. 64 and cases cited thereunder.

We have carefully read this entire record, and we are unanimously of the opinion that there was, at the end of plaintiff's case in chief, and at the conclusion of all the evidence, a complete failure of proof to establish the claimed mistake and clerical error. Such being the case, the trial court should have sustained defendant's motion for judgment made at the conclusion of plaintiff's case, and again at the conclusion of all the evidence.

This court will accordingly reverse the judgment of the Court of Common Pleas as being contrary to law and will enter the final judgment for defendant-appellant, which the trial court should have entered.

Judgment reversed and final judgment for appellant.

HUNSICKER, PJ, DOYLE, J, concur.